## R. B. GEORGE MACHINERY CO. v. SPEARMAN. (No. 9389.)

(Court of Civil Appeals of Texas. Dallas. May 23, 1925.)

**1. Trial ⬉365(1)—Verdict held equivalent to direct finding for plaintiff as to defendant's counterclaim.**

In suit for commissions for sale of a tractor, with cross-action by defendant for binder twine sold plaintiff, in which special issue submitted to jury presented only controverted issue, whether commission was to be paid as claimed by plaintiff or as contended for by defendant, verdict sustaining plaintiff's contention was equivalent to a direct finding for plaintiff on issues presented by pleadings and proof as to defendant's counterclaim.

**2. Trial ⬉343—Verdict for plaintiff held to determine controverted issue in his favor.**

In suit for commissions for sale of tractor, where only controversy between parties was as to source or manner of payment, necessary effect of verdict for plaintiff was to determine that issue in his favor.

**3. Trial ⬉365(1)—Finding of jury on controverted issue not lessened because court submitted unnecessary issue in conjunction therewith.**

In suit for commissions for sale of tractor, where only controverted issue between parties was as to source or manner of payment, that court submitted such issue in conjunction with an unnecessary issue could not lessen effect of findings of jury on controverted issue.

**4. Trial ⬉352(1) — Issue held sufficiently clear to present to jury exact matter to be determined.**

In suit for commissions for sale of tractor, where only controverted issue was as to source or manner of payment of commission, issue, though not submitted strictly according to Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, was sufficiently clear to present to jury exact matter to be determined.

**5. Appeal and error ⬉1002—Findings of jury on controverted issue will not be disturbed.**

Findings of jury on a controverted issue, when supported by the evidence, will not be disturbed.

**6. Judgment ⬉255—Judgment, including part of plaintiff's demand based on loading and shipment of secondhand machinery held erroneous, where not supported by evidence.**

In suit for commissions for sale of tractor, judgment, including part of plaintiff's demand based on loading and shipment of secondhand machinery taken as part payment on purchase price of new tractor, *held* erroneous, where record failed to show that such particular service was performed by plaintiff, or reasonable value thereof.

**7. Appeal and error ⬉930(3)—Finding must be predicated on testimony properly before the court.**

Finding of every material issue, not specifically submitted to jury, in favor of prevailing party, must be predicated on testimony properly before the court.

**8. Appeal and error ⬉930(3) — When issue not submitted and not requested deemed as found by court to support judgment stated.**

It is only where there is evidence to sustain finding that, on appeal, an issue not submitted and not requested in writing by party complaining of judgment to be submitted will be deemed as found by court in such manner as to support judgment, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

Appeal from Dallas County Court; Wiley A. Bell, Judge.

Action by A. M. Spearman against the R. B. George Machinery Company, with cross-action by defendant. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

J. D. Kugle, of Dallas, for appellee.

VAUGHAN, J. Appellee, A. M. Spearman, sued appellant, R. B. George, a sole trader under the name of R. B. George Machinery Company, in the court below, to recover $627 alleged to be due him for making sale, as appellant's agent, of certain machinery to one J. F. Rogers, and for the further sum of $26.30, expense incurred by appellee in loading on board car a separator and engine, at the instance of appellant, making a total of $653.53 involved, less a credit of $142.50 due for certain binder twine purchased by appellee from appellant after the accrual of appellee's claim, leaving a balance of $510.80, for which judgment was sought.

Owing to the questions presented we think it well to make the following statement from the pleadings: It is alleged by appellee that on or about the 1st day of April, 1921, he took up with appellant the sale of a tractor engine and separator to one J. F. Rogers, of Venus, Tex., that appellant contracted and agreed to pay appellee, in the event said sale should be consummated, a commission of $627; that by and through his efforts said sale was fully consummated, whereby the appellant became obligated and bound to pay said sum of $627; that thereafter appellant instructed appellee to load and ship to his order a certain engine and separator which had been taken in as part payment on the sale of said machinery to J. F. Rogers; that the labor and material performed and used in loading said machinery was of the value of $26.30, which was a reasonable charge for such services; that thereafter appellee purchased from appellant binder twine of the value of $142.50, for which sum he has allowed appellant credit, leaving a balance of $510.80 due and unpaid to appellee.

Appellant answered by general demurrer,

general denial, and specially pleaded that, in making said 'sale to Rogers through appellee's agency, certain secondhand machinery was accepted from Rogers at the sum of $1,000 in part payment for the new machinery, with the agreement that, if said secondhand machinery was sold for more than $1,000, Rogers should have the excess over that sum, and, further, as between appellee and appellant, that out of the proceeds of the sale of the secondhand machinery, appellant was to receive $373, and appellee was to receive the excess over that sum up to $1,000, or $627; that a part of the secondhand machinery had been sold, netting appellant $285, and that the remainder was on hand, in which appellant had an interest of $88, and tendered same to appellee if he would pay appellant said sum.

By cross-action appellant sought to recover of appellee the sum of $142.50 for the binder twine sold by appellant to appellee, with legal interest from January 1, 1922.

The cause was submitted to a jury on one special issue, to wit:

"Was the plaintiff to receive a 10 and 20 per cent. commission, based on the sales price of the new machinery, out of the secondhand machinery taken in trade, when same should be sold, or did the defendant promise to pay him a straight 10 and 20 per cent. commission, based upon the sales price of the new machinery? Answer which.".

Which was answered by the jury as follows:

"Plaintiff to receive commission of 10 and 20 per cent. on new machinery, regardless of whether old machinery sold or not."

On this verdict judgment was rendered in favor of appellee in the sum of $510.80.

Appellant contends that said judgment was improperly rendered because (a) there was no basis for the recovery of the $26.30 for the loading and shipping of the machinery by appellee, there being no evidence that such service was rendered; (b) there is no finding of the jury as to what part of the machinery was sold on a 10 per cent. and what part on a 20 per cent. commission basis; (c) appellee having pleaded that appellant contracted to pay him "an agreed commission of $627," and the jury having found, "appellee to receive commission of 10 and 20 per cent. on the sales price of the new machinery, regardless of whether old machinery sold or not," the finding did not support the allegation, hence no basis for the judgment.

[1] Following are the issues presented by the pleadings: (a) The issue raised by the pleadings as to the manner in which the $627 claimed as commission should be paid; (b) the issue raised by the pleadings as to the $26.30; (c) the issue raised by the pleadings as to the $142.50. The special issue submitted to the jury presented the only controverted issue growing out of the sale of the

machinery to Rogers, and the purchase of the binder twine by appellee from appellant, to wit, whether or not the $627 was to be paid as claimed by appellant or as contended for by appellee. The disposition of this issue necessarily determined the issue involving the $142.50, viz., as to whether or not appellant was entitled to recover on his cross-action or appellee the right to apply said sum as a credit on the amount of his claim against appellant. If the verdict of the jury had sustained appellant's contention as to the manner ·in which the $627 commission was to be paid, it would have followed, as a natural sequence, that he would have been entitled to recover on his cross-action; however, the jury having found against appellant on his contention, the verdict sustaining appellee's was equivalent to a direct finding in favor of appellee on the issues presented by the pleadings and proof as to said $142.50.

Appellee's major claim was for the recovery of $627, alleged to be due him as agreed commission, to be paid by appellant in the event appellee should sell to one Rogers certain machinery. The fact that appellee was employed as appellant's agent to consummate this transaction with Rogers is not controverted, but admitted, as well as the amount of commission that should be paid appellee for making the sale.

[2-5] The only controversy between the parties in re claim for commission being as to the source or manner of payment, the necessary effect of the verdict was to determine that issue in favor of appellee, and the fact that the court submitted said issue in conjunction with an unnecessary issue, to wit, the rate of commission to be paid on each piece of machinery sold by appellee to Rogers, cannot lessen the effect of the findings of the jury on this feature of the controversy between the parties, as, in order to sustain appellee's position, it was only necessary for the jury to find that the commission was to be paid "regardless of whether old machinery sold or not." This issue, although not submitted strictly according to the provisions of article 1984a, Vernon's Sayles' Ann. Civ. St. 1914, yet, as framed, was sufficiently clear to present to the jury the exact matter to be determined; and the findings of the jury thereon, being supported by the evidence, will not be disturbed.

[6] The judgment of the court includes that part of appellee's demand based on the loading and shipment of secondhand machinery. This is error, as appellee failed to introduce the slightest evidence supporting this claim. The record fails to show that this particular service was performed by appellee, or, if performed, the reasonable value of same.

[7, 8] The fact that the court found "every other material issue not specifically submitted to the jury in favor of" appellee will not alone sustain the judgment for said sum

of $26.30, as such finding must be predicated upon testimony, properly before the court, supporting the issue not submitted, and found by the court in favor of the prevailing party. For it is only where there is evidence to sustain such a finding that, upon appeal, an issue, not submitted and not requested in writing by the party complaining of the judgment to be submitted, shall be deemed as found by the court in such manner as to support the judgment. Article 1985, Vernon's Sayles' Ann. Civ. St. 1914.

The trial court erred in including in its judgment the sum of $26.30 alleged by appellee to be due him for the loading and shipping of the secondhand machinery. Therefore said judgment is reformed so as to eliminate said sum, and to allow appellee to recover against appellant the sum of $484.50, with interest at the rate of 6 per cent. per annum from the 18th day of February, 1924, and, as so reformed, the judgment of the lower court is affirmed, with the cost of this appeal adjudged against appellee.

Reformed and affirmed.